IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GRACE REQUIRES UNDERSTANDING, INC.,

    Plaintiff,

v.                                              CV 10-528 BB/CG

MIKKI ROGERS, Director of the Developmental
Disabilities Services Division of the New Mexico
Department of Health, in her official capacity;
ALFREDO VIGIL, Secretary of the New Mexico
Department of Health, in his official capacity;
KATHRYN FALLS, Secretary of the New Mexico
Human Services Department, in her official
Capacity,

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO COMPEL

This matter is before the Court on *Defendants' Motion to Compel and Motion for Sanctions*, ('Motion') (Doc. 56), and Plaintiff's *Response in Opposition to Defendants' Motion to Compel and Motion for Sanctions*, ('Response') (Doc. 66). The Court, having reviewed the parties' submissions, the relevant law, having heard from the parties at a hearing on March 3, 2011, and otherwise being fully advised in the premises, **FINDS** the motion not to be well-taken and will be **DENIED**.

Defendants state that they served their first set of interrogatories and requests for production on Plaintiff on December 6, 2010. (Doc. 56 at 1; Doc. 50). Plaintiff's response to Defendants' discovery request was due no later than January 10, 2011. (Doc. 56 at 2; FED. R. CIV. P. 33(b)(2) (requiring that a party answer or object to requests for

interrogatories and requests for production within 30 days after being served)). Defendants state that Plaintiff did not affirmatively request an extension of time or file any objections to Defendants' discovery request prior to January 10, 2011. (Doc. 56 at 2). Defense counsel sent an email to Plaintiff's counsel on the morning of January 12, 2011, requesting information regarding Plaintiff's efforts to comply with the discovery request. (*Id.*). Plaintiff did not respond to counsel's email by that same afternoon, and Defendants then filed the instant Motion that same day. (*Id.*). Defendants' Motion requests that Plaintiff be compelled to respond to Defendants' discovery request. (*Id.* at 3). Defendants further request unspecified monetary sanctions against Plaintiff and that Plaintiff be prohibited from amending its complaint. (*Id.*). Finally, Defendants request that Plaintiff be prohibited from introducing any expert testimony at trial since the deadline for Plaintiff to submit an expert report was October 7, 2010, and Plaintiff has yet to file such a report. (*Id.*).

Plaintiff submitted her Response to the Motion on March 1, 2011, almost two months after the initial Motion had been filed. (Doc. 66). At the hearing held on March 3, 2011, the Court informed Plaintiff's counsel that it would not consider the Response since it was not timely filed. D.N.M. LOCAL R. 7.4(a) (A response to a motion must be filed within fourteen days of service of the motion). Plaintiff's counsel has been warned on numerous occasions regarding her unwillingness to follow the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the District of New Mexico in both filing motions and responding to them. (*See, e.g.*, Doc. 35; Doc. 58; Doc. 59; Doc. 60).

Both parties were heard at the March 3 hearing and the Court inquired about Plaintiff's response to Defendants' discovery request. Defense counsel admitted that Plaintiff had provided full discovery responses on January 18, and he further admitted that

the request for an order to compel was moot. Defendants asserted that sanctions were nevertheless appropriate in light of Plaintiff's repeated disregard for filing deadlines. The Court disagrees.

Pursuant to FED. R. CIV. P. 37, a party should not file a motion to compel discovery responses or a motion for sanctions unless the party has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a). Defense counsel admitted at the hearing that he sent Plaintiff an email about the discovery responses on the morning of January 12 and that he filed the instant Motion that same afternoon after he had not heard from Plaintiff. Plaintiff's counsel stated that she was traveling on January 12 and that she did not receive Defense counsel's email until that evening. Plaintiff's counsel states that she immediately contacted Defense counsel on the evening of the twelfth to inform him that the discovery responses were being sent shortly. The Court does not find that waiting eight or so hours following an email counts as a "good faith . . . attempt to confer" with opposing counsel. *See, e.g.*, *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635-36 (D. Colo. 2003) (holding that a single email stating that counsel intended to file a motion to compel, without more, did not constitute a good faith attempt to resolve the disputed matter).

**IT IS THEREFORE ORDERED** that *Defendants' Motion to Compel and Motion for Sanctions*, (Doc. 56), is **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES DISTRICT JUDGE