IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GRACE REQUIRES UNDERSTANDING, INC.,

    Plaintiff,

v.                                                                           CV 10-528 BB/CG

MIKKI ROGERS, Director of the Developmental
Disabilities Services Division of the New Mexico
Department of Health, in her official capacity;
ALFREDO VIGIL, Secretary of the New Mexico
Department of Health, in his official capacity;
KATHRYN FALLS, Secretary of the New Mexico
Human Services Department, in her official
Capacity,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART SECOND MOTION FOR EXTENSION OF DISCOVERY

**THIS MATTER** comes before the Court on Plaintiff's *Notice of Motion and Second Motion to Extend Time to Conduct Discovery*, (Doc. 72), Plaintiff's *Memorandum in Support of Plaintiff's Second Motion to Extend Time to Conduct Discovery*, (Doc. 73), Plaintiff's *Affidavit in Support of Plaintiff's Second Motion and Memorandum to Extend Time to Conduct Discovery*, (Doc. 74), Defendants' *Response to Plaintiff's Second Motion to Extend Time to Conduct Discovery*, (Doc. 76), and Plaintiff's *Reply in Support of its Second Motion to Extend Time to Conduct Discovery*, (Doc. 81). The Court, having reviewed the parties' submissions, the relevant law, having heard from the parties at a hearing on April 28, 2011, and otherwise being fully advised in the premises, **FINDS** that Plaintiff's motion will be **GRANTED IN PART AND DENIED IN PART**.

This is Plaintiff's second motion for an extension of time to complete discovery. The Court originally entered a scheduling order in September of 2010. (Doc. 21). The case was assigned to a standard 120 day discovery track and the deadline for completing discovery was January 5, 2011. (*Id.* at 1). Prior to the expiration of the January 5 deadline, Plaintiff's counsel sought a six month extension of time to complete discovery. (Doc. 48). Plaintiff's counsel stated that she was still seeking voluminous amounts of discovery from officials from the Center for Medicaire Services and Medicaid ("CMS") - which is not a party to this lawsuit - and that she was still seeking to hold numerous depositions of Defendants and CMS officials. (Doc. 48 at 1-4; Doc. 57 at 13 (stating that Plaintiff needed to depose at least three Defendants and at least two CMS officials)). The Court held a hearing on Plaintiff's first motion for an extension and the Court found that the delays complained of by Plaintiff were partially due to Plaintiff's own strategic decisions in pursuing discovery. (Doc. 59 at 2-3). At the time that Plaintiff submitted her first motion for an extension - less than a month before discovery was set to expire - she had yet to conduct a single deposition and was still seeking hundreds of pages of documentation from CMS. (Doc. 48 at 3-4; Doc. 57 at 13-14). The Court allowed for a two month extension so that Plaintiff could complete discovery but the Court warned Plaintiff's counsel that Plaintiff would have to complete the depositions within those two months. (Doc. 59 at 3). The discovery deadline was extended to March 20, 2011, and the Court informed Plaintiff that no further extensions of discovery would be allowed. (*Id.*).

Following the extension of the discovery deadline, Plaintiff deposed two of the Defendants and it issued its first requests for admission and proposed stipulations to the Defendants on February 17, 2011. (Doc. 73 at 10-11). Defendants failed to respond to

2

Plaintiff's requests for admission and Plaintiff now requests that the deadline for discovery be extended so that Defendants might respond. (*Id.* at 16-17). Plaintiff further states that it is still seeking to depose two more officials from the New Mexico Health Services Department ("HSD"). (Doc. 81 at 13-14). With regard to the HSD depositions, the Court finds that Plaintiff did not make diligent efforts to conduct those depositions. Counsel for the HSD Defendants asserted at the April 28 hearing that Plaintiff attempted to conduct those depositions after the expiration of the two month discovery extension. Plaintiff's counsel did not dispute that the deposition requests were untimely and did not provide an explanation for her the delay in pursuing those depositions. Therefore, Plaintiff's inability to conduct the HSD depositions does not warrant an extension of the discovery deadline.

Plaintiff did continue to diligently pursue information from CMS. Since the Court granted the two month extension, Plaintiff has sent Freedom of Information ("FOIA") requests and a subpoena duces tecum to various CMS officials. (Doc. 73 at 8-12). As CMS responded to these requests, Plaintiff's theory of its case changed and Plaintiff's requests for documentation from CMS began to focus on establishing the relationship between the current Defendants and CMS. Plaintiff now believes that CMS officials and the Secretary of Health and Human Services need to be joined as necessary parties to the litigation and it has submitted a motion requesting permission to join CMS as a defendant. (*See* Doc. 86; Doc. 87).[1] Plaintiff also seeks to amend the complaint, to add multiple plaintiffs, and to certify those additional plaintiffs as a class pursuant to FED R. CIV. P. 23. (Doc. 62; Doc. 62-1 at 1; Doc. 71). Plaintiff's motion to amend the complaint and its motion to join the CMS

---

[1] The Court notes that, by the terms of the September 7 scheduling order, Plaintiff's deadline to join additional parties and amend its complaint was October 7, 2010. (Doc. 21 at 3).

defendants are currently pending before District Judge Bruce Black.

Plaintiff admitted at the April 28 hearing that, aside from the overdue response to Plaintiff's first requests for admission and proposed stipulations and the HSD depositions, the discovery that Plaintiff seeks to conduct is directed at supporting her contention that CMS is a proper defendant in this action and that CMS' actions have wronged Plaintiff. (*See, e.g.*, Doc. 73 at 12 ("[A CMS official] emailed Plaintiff concerning the Medicaire statutory public notice requirements as it applies to Home and Community Based Waiver (HCBSW) services. As a result, CMS has raised an issue that can only be resolved through production of documents from CMS to resolve litigation in a timely manner."); Doc. 73 at 15-16). While the Court finds that Plaintiff has been diligent in her efforts to obtain discovery from CMS, the discovery that Plaintiff seeks to complete is simply not relevant to the complaint before this Court.

The Court finds that Plaintiff's continued request for discovery materials is intertwined with its efforts to amend the complaint and to add the CMS officials as defendants. Therefore, because the District Judge has not ruled on the proposed amendment and joinder, the Court will decline to extend the discovery deadline at this point. However, the Court will direct Defendants to respond to Plaintiff's first requests for admission and proposed stipulations.

**IT IS THEREFORE ORDERED** that Plaintiff's *Notice of Motion and Second Motion to Extend Time to Conduct Discovery*, (Doc. 72), will be **GRANTED IN PART AND DENIED PART** at this time.

**IT IS FURTHER ORDERED** that Defendants will produce their response to Plaintiff's first requests for admission and proposed stipulations within thirty days of this order.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE