IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GRACE REQUIRES UNDERSTANDING, INC.,

    Plaintiff,

v.                                                                                          CV 10-528 BB/CG

MIKKI ROGERS, Director of the Developmental
Disabilities Services Division of the New Mexico
Department of Health, in her official capacity;
CATHERINE TORRES, Secretary of the New Mexico
Department of Health, in her official capacity;
SIDONIE SQUIER, Secretary of the New Mexico
Human Services Department, in her official
Capacity,

    Defendants.

## ORDER GRANTING MOTION TO COMPEL

**THIS MATTER** is before the Court on Plaintiff's *Motion to Compel Documents from the Centers for Medicare and Medicaid Services*. (Doc. 89). Plaintiff seeks an order compelling two individuals employed by the Centers for Medicare and Medicaid Services ("CMS") to furnish documents in response to a subpoena duces tecum. (*Id.* at 3). CMS has not filed objections to the subpoena or to Plaintiff's motion to compel. The Court, having considered Plaintiff's motion, the relevant law, and otherwise being fully advised in the premises, **FINDS** that Plaintiff's motion is well-taken.

The current motion concerns Plaintiff's attempts to obtain information regarding CMS' purported approval of a reduction in reimbursement rates under the New Mexico Developmental Disabilities Waiver Home and Community-Based Services program ("DD waiver"). (*See e.g.*, Doc. 1 at 4-5; Doc. 48-1 at 1-3). Plaintiff originally sent a Freedom of

Information Act ("FOIA") request to CMS in September of 2010. (Doc. 73 at 4). When CMS did not comply with the FOIA request in a timely manner, Plaintiff served a subpoena duces tecum on November 19, 2010. (Doc. 73 at 4). CMS then responded to the FOIA request and sent several hundred pages of documents to Plaintiff's counsel on November 20, 2010. (*Id.*). Plaintiff reviewed the materials and determined that CMS had not provided all of the requested documents. (*Id.*). Notwithstanding CMS' purported failure to fully comply with the FOIA request, Plaintiff withdrew the November subpoena and continued to work with CMS in an attempt to obtain the requested information (*Id.* at 5-6).

Plaintiff's counsel attempted to confer with Bill Brooks - the Associate Regional Administration for CMS - over the next month and she sent another FOIA request to Mr. Brooks. (*Id.* at 7-8). Mr. Brooks did not respond to the FOIA request. (*Id.* at 8). Plaintiff then served the instant subpoena duces tecum on Mr. Brooks and Ms. Marjorie McColl Petty - the Regional Director of CMS. (Doc. 89 at 1-2). Shortly after serving the subpoenas, Nigel Gant, an associate regional counsel for CMS, advised Plaintiff's counsel that CMS objected to the subpoena and would not comply with it. (*Id.* at 2). The chief counsel for the relevant CMS regional office repeated the same to Plaintiff's counsel several days later. (Doc. 73 at 9). Following CMS' assertion that it would not comply with the subpoena, Plaintiff's counsel filed another FOIA request and continued to contact various CMS officials in an attempt to retrieve the requested information without resorting to court action. (*Id.* at 9-10, 11-12). To this date, CMS has not provided the subpoenaed documents. (Doc. 89 at 3). Plaintiff therefore moves this Court for an order compelling CMS to comply with the subpoena.

Pursuant to Rule 45(a) of the Federal Rules of Civil Procedure, Plaintiff is authorized

to issue a subpoena duces tecum seeking production of documents or other materials from a non-party such as CMS. FED. R. CIV. P. 45(a); *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 268 (10th Cir. 1995). Rule 45(c)(2)(i) provides that "[a]t any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.". FED. R. CIV. P. 45(c)(2)(I). However, Plaintiff's motion erroneously cites to Rule 37(a)(3)(A), which provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." FED. R. CIV. P. 37(a)(3)(A). Rule 37 does not permit a party to compel the production of documents that were the subject of a subpoena duces tecum. *See, e.g., Ed Tobergte Associates Co. v. Russell Brands, LLC*, 259 F.R.D. 550, 560 (D. Kan. 2009). Nevertheless, because Plaintiff has met the requirements for a motion to compel under Rule 45, the error is not material.

As stated above, Rule 45(c)(2)(i) permits Plaintiff to compel the production of the documents requested in the subpoena duces tecum. The party upon whom the subpoena is served may move to quash the subpoena under Rule 45(c)(3), or they may object to the subpoena on the grounds that the requested information is privileged or protected. FED. R. CIV. P. 45(c)(3), (d)(2). While Plaintiff's counsel states that a lawyer from CMS contacted her "objecting to the production of the subpoena . . .[,]" CMS has not filed any objections to the subpoena with this Court. (Doc. 89 at 2). CMS' oral objection to Plaintiff's counsel is not a valid objection for the purposes of this Court's review. Rule 45 makes clear that any objection to a subpoena must be made by "timely motion" or by "expressly [making]" a claim of privilege. FED. R. CIV. P. 45(c)(3), (d)(2). CMS has done neither.

CMS' decision not to contest the subpoena does not end the Court's inquiry. Rule

3

45(C)(1) directs the serving party to take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena. FED. R. CIV. P. 45(c)(1). Regardless of whether the subpoenaed party has filed an objection, the Court is directed to enforce this provision. *Id.* The Court finds that Plaintiff has been very diligent in attempting to obtain these documents without recourse to a subpoena or court order. It does appear that Plaintiff has subpoenaed a significant number of documents - essentially any and all documentation regarding CMS' review of New Mexico's DD waiver program from 2004 to present. (Doc. 89-1 at 2-5). However, without a filed objection from CMS, the Court cannot say that Plaintiff's demand would impose an unreasonable or undue expense on CMS. For that reason, Plaintiff's motion must be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Compel Documents from the Centers for Medicare and Medicaid Services*, (Doc. 89), will be **GRANTED**. Mr. Brooks and Ms. Petty are directed to produce the requested documents within thirty days of this Order.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE