IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GRACE REQUIRES UNDERSTANDING, INC.,

    Plaintiff,

v.                                                                                                              CV 10-528 BB/CG

MIKKI ROGERS, Director of the Developmental
Disabilities Services Division of the New Mexico
Department of Health, in her official capacity;
CATHERINE TORRES, Secretary of the New Mexico
Department of Health, in her official capacity;
SIDONIE SQUIER, Secretary of the New Mexico
Human Services Department, in her official
Capacity,

    Defendants.

## AMENDED PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the United States' *Motion to Set Aside Order Granting Motion to Compel*, (Doc. 102), *Plaintiff's Response to the Centers for Medicare and Medicaid Services Motion to Set Aside Order Granting Motion to Compel*, (Doc. 103), and the United States' *Reply to Plaintiff's Response to the Centers for Medicare and Medicaid Services Motion to Set Aside Order Granting Motion to Compel*, (Doc. 105). The United States contends that Plaintiff's subpoenas duces tecum were invalid and that this Court lacked jurisdiction to enforce the subpoenas or grant Plaintiff's motion to compel. (Doc. 102 at 2-6; Doc. 105 at 3-4, 8). Plaintiff argues that the United States' motion is untimely and should be denied. (Doc. 103 at 3-5). The Court, having considered the parties' filings, the relevant law, and otherwise being fully advised in the premises, **RECOMMENDS** that the United States' motion be **GRANTED**.

The relevant facts leading up to the instant motion have been addressed in this Court's *Order Granting Motion to Compel*, (Doc. 97), and will not be repeated here. The United States raises two substantive objections to Plaintiff's subpoenas and the Court's order granting the motion to compel. First, the United States notes that Mr. Brooks and Ms. Petty - the prospective deponents - do not reside in the District of New Mexico and are located more than 100 miles from the location specified for the production of documents. (Doc. 102 at 2-3, 5-6). The United States contends that both subpoenas are invalid because a district court's subpoena power is limited to its district or 100 miles from the specified location for production. FED R. CIV. P. 45(b)(2)(B) ("[A] subpoena may be served at any place outside the district but within 100 miles of the place specified for the . . . production [of documents]."). The Court therefore lacked personal jurisdiction over Mr. Brooks and Ms. Petty. *See, e.g.*, *FM Industries, Inc. v. Citicorp Credit Services, Inc.*, 614 F.3d 335, 339 (7th Cir. 2010) (noting that "the right venue for nonparty discovery is a court with personal jurisdiction over each entity. A federal district court's subpoena power in most civil litigation runs only within its district (or 100 miles from its courthouse, if that is farther))." Second, the United States argues that the motion to compel should have been denied because neither deponent was served with a copy of the motion. (Doc. 102 at 6; Doc. 105 at 4-5).

Plaintiff does not dispute that deponents were outside of the geographical reach of this district's subpoena power, nor does it dispute that the deponents were never served with the motion to compel. Plaintiff argues that the United States' motion should be denied because the United States failed to file written objections or a motion to quash with the Court within fourteen days of receiving the subpoena. (Doc. 103 at 3). Plaintiff further

2

argues that the United States' motion was not filed within the fourteen day time limit provided by FED R. CIV. P. 72 for objecting to a Magistrate Judge's order. (*Id.* at 5). The Court is not persuaded.

The Federal Rules do not require a subpoenaed party to file objections with the relevant district court. The rules direct the party to file objections "on the party or the attorney designated in the subpoena" within fourteen days of receipt of the subpoena. FED R. CIV. P. 45(c)(2)(B). It is undisputed that, within fourteen days of receiving the subpoenas, an associate regional counsel for the Center for Medicare and Medicaid Services ("CMS") advised Plaintiff in writing that CMS objected to the subpoenas. (*See* Doc. 89 at 2). Therefore, the United States filed timely objections to the subpoenas. Similarly, the United States' failure to file the instant motion within fourteen days of the order granting the motion to compel does not does not preclude the District Court from setting aside that order. As the United States notes, a court's order may be set aside "if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (citing *In re Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 842 (10th Cir.1974)). In this case, it appears that the Court did not possess personal jurisdiction over the deponents because they do not reside or work within the District of New Mexico or within 100 miles of the place specified for production in the subpoenas. This Court's order granting the motion to compel was premised on an incorrect interpretation of law and should be set-aside.

**IT IS THEREFORE RECOMMENDED** that the United States' *Motion to Set Aside*

*Order Granting Motion to Compel*, (Doc. 102) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this Court's *Order Granting Motion to Compel*, (Doc. 97), be set-aside.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE